UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA


| PATRICK M. FELTHAUSER, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | 3:07-cv-00043 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| | ) | [Re: Motions at Dockets 10 and 12 ] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. MOTIONS PRESENTED

At docket 10, defendant United States of America moved to dismiss plaintiff's complaint. At docket 11, plaintiff Patrick Felthauser opposed the motion to dismiss and requested leave to amend his complaint if necessary. The court has treated plaintiff's request as a separate motion for leave to amend at docket 12. At docket 13, defendant replied to plaintiff's opposition. Defendant did not file a response to plaintiff's motion for leave to amend. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

On March 28, 2007, *pro se* plaintiff Patrick Felthauser filed a complaint under 42 U.S.C. § 1983, alleging that the Anchorage Veterans Administration ("VA") Medical Center violated his right to privacy. Plaintiff's complaint specifically alleges: 1) on March 20, 2001, plaintiff signed an authorization requesting copies of his VA medical records; 2) on March 23, 2001, plaintiff's records were mailed to a third party who was not entitled to receive them; 3) plaintiff did not receive the requested VA medical

records until October 2005; and, 4) as a result, plaintiff was not informed of the diagnosis of a severe condition which "remained untreated for a period of 4 to 5 years until diagnosed a second time."[1] Plaintiff's complaint avers that the above acts violate the Privacy Act of 1974, plaintiff's constitutional right to privacy, and the Health Insurance Portability and Accountability Act ("HIPAA").

### III.  DISCUSSION

"A motion to dismiss should not be granted unless it appears to a certainty that the plaintiff can prove no set of facts in support of his or her claim that would show entitlement to relief."[2] Defendant moves to dismiss plaintiff's Privacy Act claim on the grounds that it is barred by the applicable statute of limitations. "The Privacy Act provides a two year statute of limitation, 5 U.S.C. § 552a(g)(5), which commences when the person knows or has reason to know of the alleged violation."[3]

"An analysis of a statute of limitations question necessarily begins with identifying the available cause of action."[4] Here, plaintiff has at least two alternative bases for a Privacy Act claim. The first is under 5 U.S.C. § 552a(b), which provides that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains."

An alternative basis for plaintiff's Privacy Act claim is found in 5 U.S.C. § 552a(g)(1)(D), which provides a cause of action against an agency that "fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual."[5] Plaintiff's complaint alleges

---

[1] Doc. 1.

[2] *Aragon v. Federated Dept. Stores, Inc.*, 750 F.2d 1447, 1450 (9th Cir. 1985).

[3] *Rose v. United States*, 905 F.2d 1257, 1259 (9th Cir. 1990).

[4] *Englerius v. Veterans Administration*, 837 F.2d 895, 897 (9th Cir. 1988).

[5] *Id.* (noting that "[a]t least two circuits have construed 'adverse effect' to include emotional trauma").

that he requested his medical records from the VA, but did not receive them until over four years after his request, and as a result was not informed of a diagnosis of a severe condition, which remained untreated until diagnosed a second time. Defendant's alleged inaction would appear to violate Section 552a(d)(1), which requires that each agency that maintains a system of records shall "upon request by any individual to gain access to his record...permit him...to review the record and have a copy made of all or any portion thereof in a form comprehensible to him."

With respect to each of the alternative bases for plaintiff's claim under the Privacy Act, the statute of limitations begins to run when the plaintiff "knows or has reason to know of the alleged violation."[6] Plaintiff argues that the statute of limitations should "stand at when the plaintiff first became aware of the violation," but does not state when he first became aware of the purported violations under the Privacy Act. Rather, plaintiff states that he had no memory of requesting his medical records because he is of "limited mental capacity" and his memory "is limited to three or four days."[7]

Defendant contends that plaintiff knew or had reason to know of the alleged violations by the end of 2003. Citing *Diliberti v. United States*,[8] defendant argues that a short time after plaintiff "requested the records and had not received anything," plaintiff had a duty to inquire into whether he had a factual or legal basis for bringing an action under the Privacy Act.[9] Defendant further suggests that had plaintiff inquired about the status of his request, he would have learned of defendant's alleged violation of the Privacy Act. However, *Diliberti*, a Seventh Circuit case, is distinguishable from the instant action. In *Diliberti*, the plaintiff alleged that defendants had wrongfully compiled and withheld from him secret records that adversely affected his career. In his affidavit attached to his opposition to defendants' motion to dismiss, the plaintiff stated that he

---

[6]*Rose v. United States*, 905 F.2d 1257, 1259 (9th Cir. 1990).

[7]Doc. 11 at 1.

[8]817 F.2d 1259 (7th Cir. 1987).

[9]Doc. 10 at 3.

-3-

did not obtain physical access to the secret records until 1982, but that he was aware of hearsay and rumors about the existence of the records in 1981. The Seventh Circuit ruled that the "hearsay and rumors which the plaintiff described in his affidavit were enough to put him on notice of the possible existence of the records at issue" and that the two-year statute of limitations under § 552a(g)(5) began to run when the plaintiff first knew of existence of the records, thus plaintiff's claim was barred.[10]

In *Englerius v. Veterans Administration*, the Ninth Circuit considered "what act triggers commencement of the applicable statute of limitations period for a Privacy Act request to amend one's government records."[11] The Ninth Circuit found that Englerius had two possible claims under the Privacy Act: 1) a claim under 5 U.S.C. § 552a(g)(1)(A), which provides that whenever an agency makes a determination "not to amend an individual's record in accordance with his request, or fails to make such review...the individual may bring a civil action against the agency," and 2) a claim under 5 U.S.C. § 552a(g)(1)(D), which affords a cause of action against an agency that "fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual."

In *Englerius*, the Ninth Circuit rejected the contention that the limitations period begins to run at the time a request is made under the Privacy Act, holding that "the statute of limitations for a Privacy Act claim, commences at the time that a person knows or has reason to know that the request has been denied."[12] The Ninth Circuit further ruled that when the agency has not issued an express denial of the request, the question of when a person learns or should have learned of the denial requires a factual inquiry and cannot ordinarily be decided on a motion to dismiss.[13]

Here, plaintiff filed his complaint on March 28, 2007. Plaintiff's complaint alleges: plaintiff requested the VA records in March 2001; plaintiff's records were sent to a third

---

[10] *Diliberti*, 817 F.2d at 1263-1264.

[11] 837 F.2d 895, 896-897 (9th Cir. 1988).

[12] *Englerius*, 837 F.2d at 897.

[13] *Id.*

-4-

party who had no legal right to them on March 23, 2001; plaintiff did not receive his records until October 2005; and, as a result, plaintiff was not informed of a diagnosis contained in his VA records of a severe medical condition, which remained untreated until diagnosed a second time. Plaintiff's complaint does not state when plaintiff became aware that his records had been wrongfully disclosed to a third party, nor when plaintiff's medical condition was diagnosed.

Based on the record before this court and Ninth Circuit case law, the court concludes that the questions of when plaintiff knew or had reason to know that defendant had disclosed his records to a third party and/or knew or had reason to know that defendant had failed to act upon plaintiff's request for his records in such a way as to have an adverse effect on plaintiff requires additional factual inquiry and cannot be decided on the basis of defendant's motion to dismiss.[14] For the reasons stated above, the court will deny defendant's motion to dismiss plaintiff's Privacy Act claims. Defendant may, of course, raise the statute of limitations issue again in a motion for summary judgment.

Defendant next moves to dismiss plaintiff's claims that defendant violated his constitutional right to privacy and rights under HIPAA on the grounds that the United States has not waived its sovereign immunity for constitutional tort claims nor for private causes of action against the United States under HIPAA. Plaintiff did not respond to defendant's argument that the United States has not waived its sovereign immunity.

It is well established that "the United States can be sued only to the extent that it has waived its sovereign immunity."[15] "The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit."[16] A waiver of the United States' sovereign immunity "cannot be implied but must be unequivocally

---

[14] *Englerius*, 837 F.2d at 898 n.2 ("The question of when a petitioner should know from the VA's continued silence that it has failed or refused to act upon his request is a factual one to be determined on the basis of the record in the particular case.")

[15] *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

[16] *Id.*

Case 3:07-cv-00043-JWS    Document 15    Filed 10/01/07    Page 5 of 7

expressed,"[17] and the burden is on the plaintiff to make such a showing.[18] Here, it is well established that the United States has not waived its sovereign immunity to be sued for constitutional tort claims.[19] In addition, plaintiff has failed to make the requisite showing that the United States has waived its sovereign immunity to be sued on claims alleging violations under HIPAA. Because the United States has not unequivocally waived its sovereign immunity, this court lacks subject matter jurisdiction over plaintiff's claims that defendant violated his constitutional right to privacy and rights under HIPAA. The court will accordingly dismiss these claims.

The court next considers plaintiff's request for leave to amend his complaint. Pursuant to Federal Rule of Civil Procedure 15(a), after a responsive pleading is served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Pursuant to District of Alaska Local Rule 15.1, "[a] party who moves to amend a pleading must attach of copy of the amended pleading to the motion." Here, plaintiff failed to attach a copy of the proposed amended complaint to his request for leave to amend. Because there is no proposed amended complaint which the court can review, the court will deny plaintiff's motion to amend.

## IV. CONCLUSION

For the reasons set out above, defendant's motion at docket 10 to dismiss plaintiff's complaint is **GRANTED IN PART** and **DENIED IN PART** as follows. Defendant's motion to dismiss is **GRANTED** as to plaintiff's claims that defendant violated plaintiff's constitutional right to privacy and rights under HIPAA, and those claims are **DISMISSED**. Defendant's motion to dismiss is **DENIED** as to plaintiff's claim

---

[17] *United States v. Mitchell*, 445 U.S. 535, 538 (1983) (internal quotation and citation omitted).

[18] *Cato*, 70 F.3d at 1107.

[19] *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994).

-6-

that defendant violated plaintiff's rights under the Privacy Act.  It is further ordered that plaintiff's motion at docket 12 for leave to amend his complaint is **DENIED**.

DATED at Anchorage, Alaska, this 1st day of October 2007.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE